UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS FURSE,

                          Movant,

               -v-

UNITED STATES OF AMERICA,

                        Respondent.

16 Civ. 4183 (PAE)

14 Cr. 332-1 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

    The Court has reviewed the *pro se* petition of Dennis Furse for relief pursuant to 28 U.S.C. § 2255 (Dkt. 1 in 16 Civ. 4183) and Furse's subsequent legal submissions (Dkts. 7, 10, and 11 in 16 Civ. 4183 and Dkts. 113 and 115 in 14 Cr. 332). The Court denies Furse's petition.

    1. Furse pled guilty to two counts: one count charging participation in a Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951, and a lesser included offense within the scope of a second count, charging possession of a firearm in furtherance of the Hobbs Act robbery conspiracy, which it alleged was a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). These charges arose from a home invasion in which Furse and two others forced their way into an apartment, put a gun to the head of an individual holding a one-year-old baby and threatened to blow the baby's head off, beat a separate victim, and eventually put a gun to the head of the baby. Furse was sentenced to 77 months imprisonment on the § 1951 count and to a mandatory consecutive sentence of 60 months imprisonment on the firearms offense.

    2. Furse's § 2255 petition appears principally to challenge the firearms offense, on the grounds that a Hobbs Act robbery conspiracy is not a crime of violence under *Johnson v. United*

*States*, 135 S. Ct. 2551 (2015), and its progeny, which most recently includes *United States v. Davis*, 139 S. Ct. 2319 (2019). Furse is wrong. *Johnson* held void for vagueness the residual clause definition of "crime of violence" as used within 18 U.S.C. § 924(e)(2)(B)(i), a firearms statute. And in *Davis,* applying the reasoning in *Johnson*, the Court found the residual clause in 18 U.S.C. § 924(c)(3)(B), a firearms statute, similarly to be unconstitutionally vague. While eliminating the residual clauses as means of finding an offense to be a crime of violence, these decisions, however, left vital the alternative means by which an offense can be so found: where the offense, measured categorically by its elements, qualifies as a crime of violence. The weight of authority, including, decisively, in this Circuit, is that a Hobbs Act robbery conspiracy so qualifies. *See, e.g., United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018).

3. Furse's ensuing submissions on this motion cursorily nod at other bases for relief. They state, e.g., that Furse that was actually innocent and that his counsel was legally ineffective. These points are wholly conclusory, save insofar as Furse faults his counsel for not pursuing the meritless challenge to the firearms count discussed above. These claims are far too sparse and unexplained to merit considered attention. Nevertheless, in the course of reviewing Furse's petition, the Court has considered the overall record of Furse's case, including the record of his plea proceeding and sentencing. The Court has not found any infirmity in any proceedings in Furse's case or any deficiency, let alone a prejudicial one, in Furse's counsel's representation.

The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 11 in 16 Civ. 4183 and Dkts. 92, 113, and 116 in 14 Cr. 332 and to close this case.

The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　 *Paul A. Engelmayer*　
　　　　　　　　　　　　　　　　　　　　　　　　PAUL A. ENGELMAYER
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: November 19, 2019
　　　　New York, New York